**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARVIN ANDERSON,                                                                              PETITIONER
ADC # 112614

v.                                             5:14CV00303-JLH-JJV

ARTIS RAY HOBBS, Director,                                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.      BACKGROUND

Marvin Anderson, an  inmate of the Arkansas Department of Correction (ADC), filed this *pro se* cause of action challenging the computation of his sentence under state law. (Doc. No. 1.) The Court determined Mr. Anderson sought a petition for writ of habeas corpus and filed it as such. However, Mr. Anderson responded that he, in fact, intended to proceed with matter as a 42 U.S.C. § 1983 action.[1]  (Doc. No. 4.)  But there are fundamental differences between a § 1983 cause of action - where an inmate seeks money damages or injunctive relief from unconstitutional treatment - and a habeas action under 28 U.S.C. § 2241 or § 2254 - where an inmate seeks relief from an illegal

---

[1] If this were to be considered a § 1983 cause of action, Petitioner's claims would fail pursuant to 28 U.S.C. § 1738.  The Arkansas Supreme Court addressed these claims in *Anderson v. Hobbs*, 2013 Ark. 354.  In the § 1983 context, the state case is entitled to deference under the Full Faith and Credit Clause of the United States Constitution, as set out in 28 U.S.C. § 1738.  "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."  28 U.S.C. § 1738. So, "[i]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984.)

or unconstitutional sentence.

The United States Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), explained what constitutes a habeas action as opposed to a § 1983 claim. Importantly, the Court noted that the petitioner's label is not controlling. *Id*. at 489-90. Instead, courts look to the substance of the relief sought in distinguishing habeas from § 1983 causes of action. *Id*. In the instant case, Mr. Anderson seeks injunctive or declaratory relief to ultimately shorten his prison stay. (Doc. No. 1 at 5.) So he clearly seeks relief only available though habeas corpus.

As to the substance of his claim, Mr. Anderson is serving a forty-year sentence. (Doc. No. 1 at 3.) He is challenging the ADC's application of state law requiring he serve seventy percent of his sentence before being eligible for parole. More specifically, prior to entering his guilty plea, Mr. Anderson understood he would be "eligible for discretionary transfer to the Department of Community Correction by the Parole Board after having served the time required as set by the Arkansas Sentencing Commission with credit for meritorious good time." (*Id.* at 4.) Upon entering the ADC, prison officials informed him he would be required to serve seventy percent of his forty-year sentence. (*Id.*) Although difficult to decipher, Petitioner alleges Respondent has violated his right to due process and the *Ex Post Facto* Clause of the Constitution. (*Id.* at 6.) However, Mr. Anderson provides very little authority to support his claims.

## II.     ANALYSIS

Mr. Anderson appears to have exhausted his claims in state court. In *Marvin v. Anderson*, 2013 Ark. 354, the Arkansas Supreme Court concluded Mr. Anderson's claims were without merit. The Supreme Court held:

> On appeal, appellant contends that the ADC applied the wrong statute in computing when he is eligible for transfer to community-punishment placement. However, he fails to show how the ADC has miscalculated his transfer-eligibility date in a manner inconsistent with the law in effect at the time that he committed the crime of rape.

The determination of parole eligibility is solely within the province of the ADC. *Aguilar v. Lester*, 2011 Ark. 329 (per curiam). Parole eligibility is determined by the law in effect at the time the crime is committed. *Id.* Section 16-93-611, in effect at the time that appellant committed the crime of rape, states as follows:

> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to ... rape, § 5-14-103, ... shall not be eligible for parole until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced.

. . . .

Without determining whether appellant is, in fact, even eligible for such transfer, we hold that section 16-93-611 does not allow for transfer to community punishment placement until a person, who has been found guilty of or who pleads guilty or nolo contendere to designated crimes, has served seventy percent of his sentence. Appellant urges this court to interpret section 16-93-611, as in effect at the time that he committed the offense of rape, as not requiring that he serve seventy percent of his sentence before being eligible for release to community punishment placement. He bases his argument on Act 1197 of 1997, enacted after the date that he committed the rape offense, in which the General Assembly amended section 16-93-611 to specify that a person is not eligible for "parole or community punishment transfer " until he has served seventy percent of his sentence. However, appellant has offered nothing to show that the General Assembly intended the seventy-percent requirement to not apply to community punishment transfer in the version of 16-93-611 in effect at the time that he committed rape.

Appellant also seems to contend that the ADC applied Arkansas Code Annotated section 16-93-611, as amended by Act 1197 of 1997, in calculating his transfer-eligibility date, thereby violating the ex post facto clause of the Arkansas and United States Constitutions. This argument is without merit. There are two critical elements that must be present for a criminal law to be ex post facto: (1) it must be retrospective, that is, it must apply to events occurring before its enactment and (2) it must disadvantage the offender affected by it. *Aguilar*, 2011 Ark. 329. The ADC applied Act 1326 of 1995, as enacted by Arkansas Code Annotated section 16-93-611, in calculating the date that appellant will be eligible for parole. Act 1326 was in effect at the time that appellant committed rape; thus, there is no violation of the ex post facto clause.

*Anderson v. Hobbs*, 2013 Ark. 354.

This matter now appears ripe for disposition. Relief under § 2241 shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3).  "If 'it plainly appears from the petition [and any attached exhibits]

that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the

petition without ordering a responsive pleading."  *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).  Habeas

Rules 2 and 4 are applicable to § 2241 petitions through Rule 1(b).  To avoid summary dismissal of

a § 2241 petition, a petitioner must state facts that "point to a real possibility of constitutional error"

or violation of federal law. *Mayle*, 545 U.S. at 655.  Here, the Court concludes that Mr. Anderson's

Petition is without merit and, based on  *Mayle*, summary dismissal is appropriate.

### A.    *Ex Post Facto* Violation

Petitioner was convicted on March 16, 1998.  (Doc. No. 1 at 3.)  For offenses committed on

or after July 28, 1995, Act 1326 of 1995 was effective, providing that prisoners convicted of certain

offenses (including rape) were not eligible for parole until they had served seventy percent of their

sentence. This Act is codified at Arkansas Code Annotated § 16-93-611. 1995 Ark. Acts 1326, § 2,

& notes to Ark. Code Ann. § 16-93-611.  Two years later, Act 1197 of 1997[2] added language stating

that such prisoners also are ineligible for "community punishment transfer" until they have served

seventy percent of their sentence.  So just as the Arkansas Supreme Court concluded, there is no *ex*

*post facto* violation.

---

[2]Act of Apr. 8, 1997, No. 1197, 1997 Ark. Acts 1197, § 2 (codified as amended at Ark. Code
Ann. § 16–93–611 (1997)). It reads: "Notwithstanding any law allowing the award of meritorious
good time or any other law to the contrary, any person who is found guilty of or pleads guilty or nolo
contendere to murder in the first degree, § 5–10–102, kidnapping, Class Y felonies, § 5–11–102,
aggravated robbery, § 5–12–103, rape, § 5–14–103, and causing a catastrophe, § 5–38–202(a), shall
not be eligible for parole or community punishment transfer until the person serves seventy percent
(70%) of the term of imprisonment, including a sentence prescribed under Arkansas Code
§ 5–4–501, to which the person is sentenced."

### B.      Due Process Violation

Other than a practical "fundamental fairness" argument, it is difficult to glean a due process claim in Mr. Anderson's Petition.  It appears Mr. Anderson's claims actually belong solely in state court.  State courts are the ultimate arbiters of state law conflicts, and federal courts entertaining habeas corpus petitions are bound by the construction placed on a state's criminal statutes by the courts of that state, except in extreme circumstances.  *Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981).  Based on the Arkansas Supreme Court's rationale in deciding *Anderson v. Hobbs*, 2013 Ark. 354, *supra*, there is no reason to reject the state court's construction and application of its statutes.

Nevertheless, long standing precedent concludes there is no liberty interest in the chance of parole.  *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Sandin v. Connor*, 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest).  It is understandable that Mr. Anderson feels wronged because of the misunderstanding over the time he will actually be required to serve.  But a liberty interest does arise from state law if the "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials."  *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008).

The Arkansas statutes provide broad discretion to the Parole Board, the Board of Corrections, the ADC, and the Department of Community Corrections.  For instance, the Parole Board is vested with discretion that they "may release on parole any individual eligible under § 16-93-601 . . . when, in its opinion, there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself."  Ark. Code Ann. § 16-93-701(a)(1).  And the Arkansas Statutes addressing inmate transfer to the Department of Community Corrections state that "[u]pon commitment of an eligible offender to the Department of Correction, the department will transfer the eligible offender to a community punishment program, when he reaches his transfer date, in

accordance with the rules and regulations promulgated by the Board of Corrections and conditions set by the Post Prison Transfer Board." Ark. Code Ann. § 16-93-1208(a)(1)(A).

Arkansas Code Annotated § 16-93-1210 also expressly provides that nothing in the statutes "shall grant any offender the right to be sentenced or transferred . . . as a matter of right." Ark. Code Ann. § 16-93-1210.  So, nothing in the Arkansas parole statutes creates anything more than  the mere possibility of parole, and the statutes do not establish any right to release on parole or transfer which would invoke due process protection.  *Pittman v. Gaines*, 905 F.2d 199, 200-01 (8th Cir.1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *Robinson v. Mabry*, 476 F. Supp. 1022, 1023 (E.D. Ark. 1979).  When a prisoner is committed to the custody of a state penal authority, such as the ADC, "he can be assured of only one thing – that he will be released from the State's custody at the end of the term of years specified by the sentencing court."  *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995).

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Anderson's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice and the requested relief is DENIED; and

2.      A certificate of appealability should be denied.[3]

---

[3]Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order.  In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  The Court finds no issue on which Mr. Anderson has made a substantial showing of a denial of a constitutional right.  Thus, the Court recommends that a certificate of appealability should be denied.

IT IS SO ORDERED this 23rd day of September, 2014.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE